IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RENEE GUIBAO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. 2:17-cv-02448-JTF-cgc |
| RITE AID OF TENNESSEE, INC., ) | |
| MEMPHIS PIZZA CAFE III, INC., and ) | |
| WEST FARMINGTON ) | |
| PARTNERS G.P., ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

COMES NOW, RENEE GUIBAO, by and through the undersigned counsel, and files this, her Complaint against Defendants RITE AID OF TENNESSEE, INC. ("RITE AID"), MEMPHIS PIZZA CAFE III, INC. ("MEMPHIS PIZZA"), and WEST FARMINGTON PARTNERS G.P. ("WFP"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the

ADA.

## PROCEDURAL BACKGROUND

1. Plaintiff filed her original Complaint against Rite Aid, Memphis Pizza and Lurie & Associates, LLC on June 28, 2017. [Doc. 1].

2. Rite Aid of Tennessee, Inc. was properly served with process via its registered agent for service on July 5, 2017. [Doc. 9].

3. Memphis Pizza was served on July 6, 2017 [Doc. 13].

4. Lurie was served on July 6, 2017 [Doc. 12].

5. On July 18, 2017, Plaintiff and Rite Aid filed a Consent Motion for Extension of Time for Lurie to file its Answer (or other such defensive pleadings) to Plaintiff's Complaint [Doc. 10], which the Court granted on July 20, 2017, providing Rite Aid up to and including August 28, 2017 to file such Answer or other defensive pleadings. [Doc. 14].

6. Thereafter, On July 24, 2017, Memphis Pizza filed an Unopposed Motion for Extension of Time [Doc. 15], which the Court granted on July 26, 2017, providing up to and including August 28, 2017 for Memphis Pizza to file its Answer or otherwise defend against Plaintiff's Complaint. [Doc. 16].

7. Further, since serving Lurie with process, Plaintiff has discovered that the real property at issue in this matter is owned by West Farmington Partners G.P. ("WFP"), and that Lurie solely acts as a management entity on behalf of WFP.

8. Fed. R. Civ. P. 15(a)(2) states, that in circumstances such as those before the Court "[a] party may amend its pleading only with the opposing party's written

consent or the court's leave. The court should freely give leave when justice so requires."

8. Plaintiff therefore files the foregoing First Amended Complaint contemporaneously with a Motion for Leave, for the purpose of removing Lurie as a Defendant, and replacing WFP as the true party in interest.

## PARTIES

9. Plaintiff RENEE GUIBAO (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Memphis, Tennessee (Shelby County).

10. Plaintiff is disabled as defined by the ADA, and is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

11. Plaintiff uses a wheelchair for mobility purposes.

12. Defendant RITE AID OF TENNESSEE, INC. is a Tennessee corporation, and transacts business in the State of Tennessee and within this judicial district.

13. RITE AID operates a business located at 7570 W. Farmington Boulevard, Germantown, Tennessee 38138, doing business as "Rite Aid," referenced herein as the "Facility".

14. RITE AID is a lessee, sub-lessee, lessor and/or operator of the real property and improvements that are the subject of this action.

15. Defendant MEMPHIS PIZZA CAFE III, INC. is a Tennessee corporation, and transacts business in the State of Tennessee and within this judicial district.

16. MPC operates a business located at 7604 W. Farmington Boulevard,

Germantown, Tennessee 38138, doing business as "Memphis Pizza," referenced herein as the "Facility."

17. MPC is a lessee, sub-lessee, lessor and/or operator of the real property and improvements that are the subject of this action.

18. Defendant WFP transacts business in the state of Tennessee and within this judicial district.

19. Upon information and good faith belief, WFP is the owner of the real property and improvements that the Facility is situated upon and is the subject of this action, referenced herein as the "Property."

## FACTUAL ALLEGATIONS

20. On or about January 23, 2017, Plaintiff was a customer at RITE AID and MEMPHIS PIZZA.

21. Plaintiff lives in the near vicinity of the Facility and Property.

22. Plaintiff's access to the businesses located at 7550 W. Farmington Boulevard, Germantown, Tennessee 38138, Shelby County Property Appraiser's parcel number G0220 00422 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

23. Plaintiff intends to visit the Facility and Property within six months, or

sooner, to purchase goods.

24. Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six months, or sooner, once the Facility and Property are accessible again.

25. In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

26. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*.

27. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and

5

        communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

28.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    \* \* \* \* \*

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

29.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

30.     The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

31.   The Facility is a public accommodation and service establishment.

32.   The Property is a public accommodation and service establishment.

33.   While the restroom in the Rite Aid portion of the Facility has a sign that states that it is for employees only, but able-bodied individuals are given access to said restroom upon request. As a result, the restroom must be considered a public accommodation and, therefore, must be ADA compliant.

34.   Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.

35.   Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 1281, *et seq.*, and 28 C.F.R. §36.508(a).

36.   The Facility must be, but is not, in compliance with the ADA and ADAAG.

37.   The Property must be, but is not, in compliance with the ADA and ADAAG.

38.   Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

39. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

40. Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

41. Defendants have discriminated against Plaintiff by failing to comply with the above requirements.

42. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of her disability) to access the

Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include, but are not limited to:

**(a)   ACCESSIBLE ELEMENTS:**

(i) The accessible parking space and adjacent associated access aisle on the Property most proximate to the Rite Aid portion of the Facility each have a slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter her vehicle while parked at the Property.

(ii) The access aisle adjacent to the accessible parking space on the Property most proximate to the Rite Aid portion of the Facility is not level due to the presence of a ramp in said access aisle, in violation of section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii) The Property has a ramp leading from the accessible parking space most proximate to Rite Aid to the accessible entrances of the Facility with a slope exceeding 1:10 (one to ten), in violation of section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

9

(iv) The accessible parking space on the Property most proximate to the Rite Aid portion of the Facility is not level due to the presence of ramp side flares within the boundaries of said accessible parking space, in violation of section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(v) The accessible ramp on the Property most proximate to the Rite Aid portion of the Facility has side flares that have a slope in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(vi) The interior of the Memphis Pizza portion of the Facility has sales and services counters, including the to-go counter and the eat-in counter, that each lack any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly transact business at the Memphis Pizza.

**(b)   RITE AID RESTROOMS:**

(i) The paper towel dispensers in the restrooms of the Rite Aid portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(ii) The controls on the faucets in the restrooms of the Rite Aid portion of the Facility require pinching and turning of the wrists in violation of section 309.4 of the 2010 ADAAG standards.

(iii) The restrooms of the Rite Aid portion of the Facility lack restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(iv) The doors to in the restrooms of the Rite Aid portion of the Facility require an opening force in excess of 5 lbs (five pounds), in violation of section 309.4 of the 2010 ADAAG standards.

**(c) MEMPHIS PIZZA RESTROOMS:**

(i) The hand operated flush controls on the commodes in the toilet stalls in the restrooms of the Memphis Pizza portion of the Facility are not located on the open side of each such accessible stall, in violation of section 604.6 of the 2010 ADAAG standards.

(ii) The accessible toilet stall doors in the restrooms of the Memphis Pizza portion of the Facility are not self-closing and/or otherwise violates section 604.8.2.2 of the 2010 ADAAG standards.

(iii) The lavatories and/or sinks in the restrooms of the Memphis Pizza portion of the Facility have exposed pipes and surfaces, and are not insulated or configured to protect against skin contact, in violation of section 606.5 of the 2010 ADAAG standards.

(iv) The soap dispensers in the restrooms of the Memphis Pizza portion

of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(v) The paper towel dispensers in the restrooms of the Memphis Pizza portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vi) The restrooms of the Memphis Pizza portion of the Facility lack restrooms signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards.

43. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

44. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

45. All of the above violations are readily achievable to modify in order to bring the Facility and Property into compliance with the ADA.

46. The removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendant has the financial resources to make the necessary modifications.

47. Upon information and good-faith belief, the Facility and Property has been

altered since 2010.

48. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 33 can be applied to the 1991 ADAAG standards.

49. Plaintiff has attempted to gain access to the Facility and Property in her capacity as a customer, but because of her disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

50. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. §36.304.

51. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest, and the benefit to Plaintiff and the public far outweighs any detriment to Defendant.

52. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. §§ 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendants.

53. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find RITE AID in violation of the ADA and ADAAG;

(b) That the Court find MPC in violation of the ADA and ADAAG;

(c) That the Court find WFP in violation of the ADA and ADAAG;

(d) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(e) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(f) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(g) That the Court grant such further relief as just and equitable in light of the circumstances.

          Dated: August 10, 2017.

          Respectfully submitted,

          /s/Craig J. Ehrlich
          Craig J. Ehrlich
          Ehrlich & Schapiro, LLC
          1123 Zonolite Road, N.E. Suite 8-B
          Atlanta, Georgia 30306
          Tel: (404) 365-4460
          Fax: (855) 415-2480
          craig@ehrlichlawoffice.com

## CERTIFICATE OF SERVICE

  I certify that on August 10, 2017 I filed the within and foregoing Plaintiff's First Amended Complaint using the CM/ECF System for the federal District Court for the Western District of Tennessee, resulting in true and correct copy of the same to be served upon the following via electronic mail:

  John W. Simmons, Esq.
  Littler Mendelson P.C.
  3725 Champion Hills Drive, Suite 3000
  Memphis Tennessee 38125

  Brian Yoakum, Esq.
  Evans Petree, PC
  1000 Ridgeway Loop Road, Suite 200
  Memphis, Tennessee 38120
  byoakum@evanspetree.com

          /s/Craig J. Ehrlich
          Craig J. Ehrlich